UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-195(1) (WMW/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Manuel De Jesus Garcia-Tovar, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure and other nondispositive relief. The Court, having reviewed the parties' motions and finding no evidentiary hearing necessary, canceled the September 15, 2023 motion hearing. (ECF No. 73.) Based on the parties' written submissions, and all the files herein, the Court enters the following order on the parties' motions.

I.     **Defendant's Motion for Disclosure of 404 Evidence (ECF No. [60])**

Mr. Garcia-Tovar's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED IN PART AND DENIED IN PART.** Mr. Garcia-Tovar seeks disclosure of 404(b) evidence no later than 60 days before trial. The Government shall make such disclosures at least **21 days** before trial.

II.    **Defendant's Motion to Compel the Government to Disclose Evidence Favorable to the Defendant (ECF No. [61]) and Motion for Disclosure of Impeaching and Exculpatory Evidence (ECF No. [67])**

Mr. Garcia-Tovar's motion seeking exculpatory and impeaching information is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 105 (1972), and their progeny. These cases impose affirmative and ongoing

1

disclosure obligations on the Government. All Brady materials not previously disclosed shall be disclosed as soon as practicable. The Government is not required to identify exculpatory materials within the materials disclosed.

### III. Defendant's Motion for Disclosure of Grand Jury Transcripts (ECF No. [62])

Mr. Garcia-Tover's motion is **GRANTED IN PART AND DENIED IN PART**. There is a "long established policy that maintains the secrecy of grand jury proceedings in federal court." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (citations omitted). A defendant must allege a "particularized need" with support for grand jury records. *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citing Fed. R. Crim. P. 6(e)(3)(C)(ii)).

The Government represents that the only grand jury transcript in this case is that of one of its agents. Mr. Garcia-Tovar has not made any showing of a particularized need demonstrating that disclosure of the grand jury transcript is required at this time. The Government must produce the agent's grand jury transcript in the event that it calls the agent as a witness at trial, however.

### IV. Defendant's Motion for Disclosure of Informants (ECF No. [63])

Mr. Garcia-Tovar seeks an order compelling the Government to disclose the names and addresses of any informants and cooperating individuals who were working with, or utilized by, law enforcement officials in the investigation of this matter, so long as such individuals were: active participants in or witnesses to the offenses charged; and disclosure of their identities would be useful to the defendant and result in a fair resolution of the proceedings. He also requests the opportunity to interview any informant or cooperative witness the Government is compelled to disclose.

"The Government has a general, although not absolute, 'privilege to withhold the disclosure of the identity of a confidential informant.'" *United States v. Washington*, 21-cr-126

(ADM/ECW), 2022 WL 538878, at *16 (D. Minn. Feb. 23, 2022) (quoting *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001)), *report and recommendation adopted*, 2022 WL 1658175 (D. Minn. May 25, 2022). "In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure." *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (citation omitted). There is no litmus test to determine whether disclosure is justified; instead, courts must consider "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Rovario v. United States*, 353 U.S. 53, 62 (1957). In order to overcome the government's privilege, a defendant must establish beyond "mere speculation" that the informant's testimony would be material to the determination of the case. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). To meet this materiality requirement, a defendant must show a reasonable probability that disclosure of the informant would cause the outcome of the proceeding to be different. *Id.* at 878. "Where the witness is an active participant or witness to the offense charge, disclosure will almost always be material to the accused's defense." *Carpenter*, 257 F.3d at 779 (quoting *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995)). "However, if the informant acts as a mere "'tipster, i.e., a person who merely conveys information but does not witness or participate in the offense,' disclosure is not required." *Id.* (quoting *United States v. Bourbon*, 819, F.2d 856, 860 (8th Cir. 1987)).

      Here, while the Government's position is not entirely clear, it appears to suggest one or more of its informants may have witnessed the commission of the offense at issue. (*See* ECF No. 74 at 4, "Even if it could be said that the informant was a witness to the charged offenses, there is no evidence that an informant participated in them.") To the extent any informant was a witness to the offense, that individual is not a "mere tipster," and his or her identity must be disclosed. *See*

3

*e.g.*, *Carpenter*, 257 F.3d at 779 (noting that an informant who witnessed the offense charged is not a tipster and that disclosure of such an informant "will almost always be material to the accused's defense").

Mr. Garcia-Tover's motion is therefore **GRANTED IN PART AND DENIED IN PART**. To the extent any Government informant actually witnessed the offense conduct, the Government must disclose the informant's identity and make him or her available at least **10 days** before trial. Mr. Garcia-Tover's motion is denied in all other respects.

V.  **Defendant's Motion for Early Disclosure of Jencks Act Materials (ECF No. [64])**

Mr. Garcia-Tovar's motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984). The Court will not order early disclosure of Jencks Act materials. However, the Government has agreed to provide any Jencks Act material it has not already disclosed at least three business days prior to the commencement of trial. The Court further encourages the parties to engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and to promote the fairness of the proceedings.

VI.  **Defendant's Motion for Early Disclosure of Witness and Exhibit Lists (ECF No. [65])**

Mr. Garcia-Tovar's motion seeks disclosure of the Government's witness and exhibit lists 120 days prior to trial. Mr. Garcia-Tovar is not entitled to early disclosure of the Government's witnesses and exhibits. *See United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial."); *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial."); *see also, e.g., United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case has no right to require disclosure of government witnesses.")

4

(quotation omitted).  The Government must, however, comply with any order the district judge may enter with respect to trial.  Mr. Garcia-Tovar's motion is therefore **GRANTED IN PART AND DENIED IN PART**.  The Government must produce its witness and exhibit lists at the appropriate time as required by the district judge's trial order.  Mr. Garcia-Tovar's motion is otherwise denied.

### VII. Motion for Discovery Inspection of Expert Witness Testimony (ECF No. [66])

Mr. Garcia-Tovar's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and all other applicable statutory and constitutional rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

a. Initial expert disclosures: **28 days** prior to trial.

b. Rebuttal expert disclosures: **14 days** prior to trial.

### VIII. Defendant's Motion for Notice of Government Intention to Use Residual Hearsay Exception (ECF No. [68])

Mr. Garcia-Tovar's motion is **GRANTED** insofar as the Government shall comply with the notice requirements of Federal Rule of 807(b) and disclose any Rule 807 evidence at least **28 days** prior to trial.

### IX. Defendant's Motion for Participation in Voir Dire (ECF No. [69])

Mr. Garcia-Tovar's motion to participate in voir dire is **DENIED WITHOUT PREJUDICE**. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the

5

trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016).   Mr. Garcia-Tovar may bring his motion to the district judge at the appropriate time.  Accordingly, Mr. Garcia-Tovar's motion is denied without prejudice. *United States v. Jaunich*, 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

X.      **Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. [70])**

Mr. Garcia-Tovar seeks an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as a part of their investigation, whether or not the contents of such rough notes are incorporated in official records. The Government has instructed its officers and agents to retain their rough notes and all evidence gathered in connection with their investigation. Mr. Garcia-Tovar's motion is accordingly **GRANTED**.  Disclosure of any rough notes is not required at this time.

          **SO ORDERED**.

Dated: September 8, 2023                              *s/ Dulce J. Foster*
                                                      Dulce J. Foster
                                                      United States Magistrate Judge